## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**NativeX Holdings, LLC**, *a Minnesota company*,

                  Plaintiff,

v.

**OpenX Technologies, Inc.** *a Delaware corporation*,

                  Defendant.

Civil Case No. _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR TRADEMARK INFRINGEMENT

By and through its attorneys below, Plaintiff NativeX Holdings, LLC ("NativeX") brings this Complaint against Defendant OpenX Technologies, Inc. ("OpenX") for trademark infringement.  NativeX seeks damages, an accounting of profits, injunctive relief and attorneys' fees.

## NATURE OF ACTION

1.     This is an action for trademark infringement, unfair competition, deceptive trade practices, and other relief arising under the trademark laws of the United States of America, specifically 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and the statutory and common law of the state of Minnesota.

2.     NativeX brings this action to protect itself from OpenX's infringement of its federally registered trademark, NATIVEX.  NativeX is a leading provider of

advertising services and software that enables the placement of advertisements in computer programs such as mobile applications. NativeX offers its products and services under its NATIVEX trademark. OpenX, a direct competitor of NativeX, offers the same product and services NativeX offers and does so under the confusingly similar trademark NATIVE O|X. OpenX's use of the NATIVE O|X trademark in light of NativeX's prior rights in its NATIVEX trademark is likely to mislead, and cause confusion among, consumers to the detriment of NativeX.

3.      This action seeks preliminary and permanent injunctive relief and damages against OpenX's past and ongoing willful infringement of NativeX's trademark, in violation of the Lanham Act, for unfair competition, and for deceptive trade practices under Minnesota statutory and common law.

## THE PARTIES INVOLVED

1.      NativeX is a limited liability company organized under the laws of Minnesota with a principle place of business at 1900 Medical Arts Avenue South, Sartell, Minnesota 56377. NativeX provides advertising products and services and develops, makes, distributes and offers products and services related to software that assist customers in optimizing advertising content.

2.      On information and belief, defendant OpenX is a company organized under the laws of Delaware with a principle place of business at  888 E Walnut Street, 2nd Floor, Pasadena, California 91101. OpenX is a direct competitor of NativeX and offers the same goods and services as NativeX.

101125214v1

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over NativeX's claims for trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has supplemental jurisdiction over NativeX's claims arising under the laws of Minnesota pursuant to 28 U.S.C. 1367(a) because these claims are so related to NativeX's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5.      This Court has jurisdiction over OpenX because it does business and has committed the acts complained of in this District.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

## NATIVEX'S USE OF ITS NATIVEX TRADEMARK

7.     At least as early as March 20, 2013, NativeX began widely using NATIVEX, as its company name, web address (www.nativex.com), and as a trademark to identify its advertising products and services and software platform for delivering advertisements that blend seamlessly with a software application's design to deliver measurably higher revenues for customers and a more enjoyable and engaged experience for users.

8.     In addition to its common law rights in its NATIVEX trademark, NativeX owns federal trademark Registration No. 4,499,326 for its NATIVEX trademark in connection with the following services:  "Advertising agencies; Advertising agencies,

3

namely, promoting the goods and services of others; Advertising and advertisement services; Advertising and commercial information services, via the internet and mobile networks; Advertising and marketing; Advertising and promotion services and related consulting; Advertising by transmission of online and mobile publicity for third parties through electronic communications networks; Advertising consultation; Advertising services; Advertising via electronic media and specifically the internet and mobile networks; Dissemination of advertising for others via an online or mobile communications network on the internet and mobile networks; Dissemination of advertising for others via the Internet and on mobile devices; Dissemination of advertising matter; Electronic commerce services, namely, providing information products via telecommunication networks for advertising and sales purposes; On-line and mobile advertising on computer communication networks and mobile networks; Online and mobile advertising and marketing services; Preparation of custom advertisements for others; Preparation of custom or non-custom advertising for businesses for dissemination via the web, CD, mobile devices or DVD for optional upload or download to a computer or mobile device; Preparing advertisements for others."  NativeX's Registration No. 4,499,326 issued on March 18, 2014 with a priority date of January 17, 2013.  A copy is attached as Exhibit 1.

9.     NativeX has spent considerable time and resources in promoting its NATIVEX brand.  Based on that extensive effort, NativeX has now come to enjoy a known reputation within the advertising industry, particularly with mobile application related advertising.  When NativeX attends a tradeshow, attendees comment about

NativeX's reputation as a leading provider of advertising services for mobile applications.

## DEFENDANT'S INFRINGEMENT

10.     After NativeX established rights in its NATIVEX trademark, OpenX began using the nearly identical and confusingly similar designation NATIVE O|X in conjunction with online and mobile advertising services.  On or about February 26, 2014, NativeX became aware of OpenX's infringing use of the Native O|X designation.

11.     Concerned about the inevitable confusion likely to be caused by OpenX's use of the NATIVE O|X designation, on February 27, 2014, through its counsel, NativeX sent a cease and desist letter to OpenX.

12.     NATIVE O|X is substantially similar to NativeX's prior NATIVEX mark, with a nearly identical commercial impression and phonetic pronunciation.

13.     The products and services OpenX promotes, markets, and sells under the NATIVE O|X designation are nearly identical and related to NativeX's offerings.

14.     On information and belief, NativeX and OpenX promote, market and sell their respective goods and services through the same channels.

15.     On information and belief, the purchasers of the NATIVEX products and services are the same as the purchasers of the NATIVE O|X products and services.

16.     OpenX's use of the NATIVE O|X designation is likely to cause mistake and confusion in the marketplace.

101125214v1

17.     OpenX continues to use the NATIVE O|X mark even after it was contacted by NativeX and had actual knowledge of NativeX's prior trademark rights.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement Under 15 U.S.C. § 1114

18.     NativeX incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

19.     NativeX owns Registration No. 4,499,326 for its NATIVEX trademark.

20.     OpenX's unauthorized use in commerce of reproductions, counterfeits, copies and/or colorable imitations of NativeX's federally registered NATIVEX mark in connection with OpenX's products and services is likely to cause consumers to believe that NativeX is the source of OpenX's products and services or that OpenX's products and services are sponsored by, affiliated with, or otherwise approved or endorsed by NativeX and its NATIVEX brand.

21.     OpenX's unauthorized use of the NATIVE O|X designation in connection with its products and services constitutes commercial use in interstate commerce.

22.     OpenX's use of NATIVE O|X constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23.     OpenX's continuing use of NATIVE O|X has been with actual knowledge of NativeX's prior trademark rights, making such infringing use willful.

24.     OpenX's unauthorized use of NATIVE O|X is likely to continue unless Defendant is restrained and enjoined.

25.     NativeX has suffered and will continue to suffer harm if OpenX's wrongful conduct alleged above is allowed to continue unabated.

26.     NativeX has no adequate remedy at law for OpenX's wrongful conduct because, among other things, NativeX's mark is unique and represents the goodwill and reputation of NativeX and harm to that reputation or mark is not adequately remedied by a monetary award.

## SECOND CLAIM FOR RELIEF
### Unfair Competition Under 15 U.S.C. § 1125(a)

27.     NativeX incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

28.     NativeX is the owner of the common law rights in its NATIVEX trademark as identified above.

29.     OpenX's unauthorized use of NATIVE O|X in connection with Defendant's products and services constitutes commercial use in interstate commerce.

30.     OpenX's unauthorized use of NATIVE O|X to promote, market or sell its products or services in direct competition with NativeX's products and services is likely to cause confusion, to cause mistake, and/or to deceive as to the origin or sponsorship of Defendant's products and services offered in connection with the NATIVE O|X mark and constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

31.     OpenX's continuing use of NATIVE O|X has been with actual knowledge of NativeX's prior trademark rights, making such infringing use willful.

32.     OpenX's unfair competition has caused and will continue to cause damages to NativeX, and may cause irreparable harm to NativeX for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Deceptive Trade Practices Under Minnesota Law
### (Minn. Stat. §325D.44)

33.     NativeX incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

34.     OpenX's conduct as described above constitutes deceptive trade practices in violation of the Deceptive Trade Practices Under Minnesota Law, Minn. Stat. §325D.44.

### FOURTH CLAIM FOR RELIEF
### Trademark Infringement Under Minnesota Common Law

35.     NativeX incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

36.     OpenX's conduct as described above violates NativeX's common law trademark rights.

### REQUEST FOR A JURY TRIAL

37.     Native X requests a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, NativeX respectfully requests judgment as follows:

101125214v1

1.      A judgment entered against OpenX stating that:

A.      OpenX has infringed NativeX's rights in the federally registered NATIVEX mark in violation of 15 U.S.C. §§ 1114 and 1125 and the laws of the State of Minnesota;

B.      The ongoing infringement was willful and/or with reckless disregard; and

C.      OpenX has otherwise injured the business reputation and business of NativeX by the wrongful acts and conduct set forth in this Complaint.

2.      An order preliminarily and permanently enjoining and restraining Defendant OpenX, its directors, principals, officers, agents, representatives, employees, successors and assigns from using the infringing designation NATIVE O|X or any designation similar thereto.

3.      An order requiring Defendant OpenX to deactivate and transfer to NativeX any and all domain names and social media handles comprised of or containing "Native O|X" or any other confusingly similar designations.

4.      An order requiring OpenX to deliver up for destruction all materials in Defendant's possession or control that bear NATIVE O|X or otherwise infringe NativeX's trademark pursuant to 15 U.S.C. § 1118.

5.      An order requiring OpenX to account for and pay NativeX Defendant's profits and all damages sustained by NativeX.

6.      An order requiring OpenX to provide an accounting of all sales of products and services sold under or in connection with the NATIVE O|X mark and an award of damages in accordance therewith.

7.      An order finding this case exceptional under 15 U.S.C. § 1117.

8.      An order trebling the amount of damages awarded NativeX pursuant to 15 U.S.C. §§ 1114 and 1117.

9.      An order directing OpenX to pay reasonable attorneys' fees, costs and expenses.

10.     Any other such relief the court deems just and equitable.


Respectfully submitted:

Dated:  May 30, 2014

                                        By:  s/ Ruth Rivard

                                              David D. Axtell (No. 314596)
                                              Ruth Rivard (No. 327591)

                                              Stinson Leonard Street LLP
                                              150 South Fifth Street, Suite 2300
                                              Minneapolis, Minnesota  55402
                                              Telephone: (612) 335-1500
                                              Facsimile:  (612) 335-1657
                                              david.axtell@stinsonleonard.com
                                              ruth.rivard@stinsonleonard.com

                                              *Attorneys for Plaintiff NativeX Holdings, LLC*

101125214v1